■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WASHINGTON, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered March 22, 1990, which convicted defendant, after a jury trial, of robbery in the first degree, and sentenced him as a predicate felon to an indeterminate term of imprisonment of 8 to 16 years, unanimously affirmed.

The statements purportedly made by defendant were sufficiently corroborated to satisfy the requirements of CPL 60.50. The statute is satisfied "by the production of some proof, of whatever weight, that a crime was committed by someone" *(People v Daniels,* 37 NY2d 624, 629), and no additional proof need connect the defendant with the crime *(People v Lipsky,* 57 NY2d 560, 571). Moreover, such evidence provided a sufficient basis for the jury to conclude, beyond a reasonable doubt, that the defendant committed the crime charged. The evidence in addition to the confession need not exclude every reasonable hypothesis other than guilt and is sufficient if it demonstrates conduct indicating a consciousness of guilt, such as presence at the scene, proof of motive or flight *(supra).* In this case, the events recounted by the defendant were corroborated by the witnesses, and at a minimum, defendant's statement, if believed by the jury, placed the defendant at the scene, in the getaway car, and at his own home where the perpetrators allegedly divided the spoils. The admission into

evidence of the detective's handwritten notes, while error *(see, People v Lee,* 159 AD2d 238, *lv denied* 76 NY2d 791), is unpreserved for review, in light of defense counsel's statement "no objection" when the exhibit was offered and we decline to review this issue in the interest of justice.

We also reject defendant's *pro se* posttrial contention made pursuant to CPL 330.40, that he was denied effective assistance of counsel because of counsel's failure to call defendant's mother and brother as alibi witnesses. On consideration of the motion, defense counsel stated, "After discussing the case with both those individuals, suffice it to say, Your Honor, it was my judgment that putting them on as alibi witnesses would be a serious mistake." Counsel stated that this strategy was discussed with the defendant, which is confirmed by the defendant's own statements upon the record. A claim of ineffective assistance of counsel will not lie where the purported failures of counsel are the result of a calculated trial strategy which, in the final analysis does not work *(see, People v Satterfield,* 66 NY2d 796). There is also no demonstration that counsel's performance was so ineffective as to fall below the standard of meaningful representation *(People v Baldi,* 54 NY2d 137, 147; *People v Natal,* 102 AD2d 496, *affd* 66 NY2d 802). In addition, to the extent that defendant is claiming there is new evidence (CPL 330.30 [3]), the motion was properly denied inasmuch as the witnesses were known to the defendant before trial and the failure to call them was in furtherance of a deliberate trial tactic *(People v Messina,* 73 AD2d 899). Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Rubin, JJ.