■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SANDERS, Appellant. [666 NYS2d 663] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered January 12, 1996, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) reversing the defendant's conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) reducing the defendant's conviction of robbery in the second degree to robbery in the third degree, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

We agree with the defendant's contention that the evidence adduced was legally insufficient to establish that one of the complainants suffered physical injury so as to support the conviction of robbery in the second degree and assault in the second degree (*see,* Penal Law § 160.10 [2]; § 120.05 [2]). The assault victim did not testify at trial, and the only evidence submitted as to the extent of the injury he suffered when the defendant cut the palm of his hand with a razor blade was the testimony of witnesses who saw him bleeding and then cleaning his hand with peroxide. He apparently did not seek medical attention. Viewing this evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), it is legally insufficient to establish that the assault victim suffered an impairment of physical condition or substantial pain (*see,* Penal Law § 10.00 [9]; *People v Cheeks,* 161 AD2d 657; *People v Jones,* 118 AD2d 658; *cf., People v Guidice,* 83 NY2d 630, 636; *People v Camacho,* 191 AD2d 451, 452). Thus, the conviction of robbery in the second degree is hereby reduced to one of robbery in the third degree, which does not require proof of physical injury (*see,* Penal Law § 160.10 [2]; § 160.05), and the conviction of assault in the second degree is reversed and that count of the indictment dismissed (*see,* Penal Law § 120.05 [2]).

The defendant's remaining contention is not preserved for appellate review (*see,* CPL 470.05 [2]). O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.