■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMELL SOLOMON, Appellant. [794 NYS2d 55]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered December 19, 2002, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. With respect to second degree felony murder, "the People were 'required to prove only that the defendant intentionally participated in the underlying felony, during the course of which one of the participants caused the death of a nonparticipant' " (*People v Hogan,* 10 AD3d 732, 733 [2004], *lv denied* 4 NY3d 744 [2004], quoting *People v Howard,* 241 AD2d 920, 921 [1997]). Here, the People proved that the defendant and his accomplice acted in concert to commit burglary by entering the victim's apartment building with the intent to commit a crime therein, and during the course of the burglary, the accomplice caused the death of the victim, a nonparticipant in the crime (*see* Penal Law § 125.25 [3]; § 140.30; *People v Miller,* 32 NY2d 157 [1973]; *People v Hogan, supra* at 733). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Cahill,* 2 NY3d 14, 57-58 [2003]).

The defendant's contentions regarding the introduction into evidence of a prior statement used by the prosecution to impeach its own witness, the subsequent failure of the trial court to give a limiting instruction pursuant to CPL 60.35, and the prosecutor's reference to the prior statement during summation, are largely unpreserved for appellate review (*see* CPL 470.05 [2]). To the extent that these issues are unpreserved, we decline to review them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). To the extent that they are preserved, we find any error harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Saez,* 69 NY2d 802, 804 [1987]; *People v Matusak,* 206 AD2d 903 [1994]).

The defendant was afforded the effective assistance of counsel at trial (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Russo,* 85 NY2d 872 [1995]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]). The defense counsel's failure to request an instruction on the affirmative defense to felony murder (*see* Penal Law

§ 125.25 [3]) did not demonstrate ineffective assistance of counsel since the evidence established that the defendant and his accomplice knowingly and unlawfully entered the victim's building with the shared intent to assault him. The defendant therefore could not have made out, inter alia, the fourth element of the affirmative defense that he "[h]ad no reasonable ground to believe that [the accomplice] intended to engage in conduct likely to result in . . . serious physical injury" (Penal Law § 125.25 [3] [d]; *see People v Santanella,* 82 AD2d 869 [1981]; *People v Kampshoff,* 53 AD2d 325, 340 [1976]).

The defendant's remaining contention is without merit. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.