■ The People of the State of New York, Respondent, v James Haney, Appellant. [924 NYS2d 563]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered September 8, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reducing the defendant's conviction of murder in the second degree to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the second degree.

The defendant and the defendant's girlfriend (hereinafter the victim) held a small party in their apartment that lasted until the early morning of August 11, 2005. When the defendant and the victim began to argue, the remaining guests left the apartment to go for a walk. The defendant claimed that, after the guests left, the victim produced two kitchen knives and began to cut her arm. The defendant and the victim entered into a physical fight as the defendant tried to take the two knives away from her. During the fight, the victim suffered a fatal stab wound on the left side of her torso, which penetrated her left lung and heart. Thereafter, the victim and the defendant stopped fighting and they both left the apartment. Two party guests returned and found the victim injured and lying on the front steps of the apartment building. An ambulance was called and the victim died at the hospital.

According to the defendant, the victim had cut herself in the past, and medical evidence revealed that she had some scars consistent with self-mutilation. The defendant claims that the victim must have stabbed herself inadvertently while she was swinging one of the knives wildly to prevent him from taking it from her.

The defendant contends that the verdict was against the weight of the evidence because the evidence did not support a finding that he stabbed the victim or intended to kill her. Upon the defendant's request, "the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633, 636 [2006]). "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh

conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d at 348; *see People v Romero*, 7 NY3d at 645-646).

Upon our independent review of the evidence pursuant to CPL 470.15 (5), we find that the jury verdict convicting the defendant of murder in the second degree was against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Pickens*, 60 AD3d 699, 702 [2009]). Initially, we find that an acquittal would not have been unreasonable. Furthermore, we find that the evidence, properly weighed, proves beyond a reasonable doubt that the defendant stabbed the victim, but it does not prove beyond a reasonable doubt that he intended to kill her (*see* Penal Law § 125.25 [1]).

Although there was evidence that the defendant and the victim were starting to argue, no one at the party testified that the defendant ever threatened the victim. A witness who knew the couple testified that they were a happy couple who sometimes had "their little spats," and the defendant testified that, during their relationship, he and the victim argued sometimes, but their arguments never became violent. However, the evidence showed that a struggle between the victim and the defendant occurred before the stabbing. Both the defendant and the victim were drinking alcohol before the victim was stabbed, and two witnesses testified that the victim was using the drug Phencyclidine, commonly known as PCP. The defense expert, a medical doctor, testified that PCP may distort the user's thinking and make him or her violent, and that alcohol amplifies the effect of PCP on the user. After the stabbing, several knives were found lying on the floor of the apartment, both the defendant and the victim had cuts on their hands, and each of them suffered injuries causing them to bleed. The evidence showed that the victim suffered one stab wound on her left side, and that she and the defendant left the apartment after the stabbing. This evidence supports a finding that the wounds were inflicted recklessly in the midst of a struggle, and not as part of a calculated effort to kill the victim.

Therefore, under the circumstances of this case, the weight of the credible evidence supports a finding that the defendant recklessly caused the death of the victim (*see* Penal Law § 125.15 [1]). Accordingly, we modify the judgment by reducing the conviction from murder in the second degree to manslaughter in the second degree (*see* CPL 470.15 [5]). We remit the matter

to the Supreme Court, Kings County, for sentencing on that conviction (*see* CPL 470.20 [4]).

The defendant's contention that his statement to the police was inadmissible is unpreserved for appellate review, and his contention regarding defects in the grand jury proceeding is without merit. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.