THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHERYL SANTIAGO, Appellant. [949 NYS2d 78]—

On the morning of October 24, 2007, the defendant, Cheryl Santiago, found her 21-month-old stepdaughter dead on her sleeping cot. The defendant subsequently told the New York State Police that, on the previous night, as she was putting the infant victim to bed, she had covered her mouth and nose for 30 seconds to a minute because the infant would not go to sleep.

At trial, doctors testified, inter alia, that it would have taken four to six minutes for the infant victim to suffocate, that an autopsy did not reveal any evidence specific to asphyxiation by smothering, and that, were it not for the defendant's statements, they would have classified the infant victim's cause of death as undetermined.

The jury was instructed with respect to, among other things, murder in the second degree and manslaughter in the second degree, and returned a verdict convicting the defendant of murder in the second degree.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials made at 5:05 p.m. (hereinafter the 5:05 statement) and 8:07 p.m. (hereinafter the 8:07 statements), respectively, on the date of the homicide (*see People v Hodges*, 58 AD3d 642 [2009]; *People v Parsad*, 243 AD2d 510 [1997], *cert denied sub nom. Parsad v Fischer*, 540 US 1091 [2003]). The hearing court properly determined that the 5:05 statement was not made during a custodial interrogation (*see People v Yukl*, 25 NY2d 585, 588-592 [1969], *cert denied* 400 US 851 [1970]). Moreover, the hearing court properly found that the 8:07 statements were made after the defendant knowingly, voluntarily, and intelligently waived her *Miranda* rights (*see Miranda v*

*Arizona,* 384 US 436 [1966]). The hearing court also properly determined that neither the 5:05 statement nor the 8:07 statements were the product of coercion (*see People v Miles,* 276 AD2d 566, 566-567 [2000]).

The defendant's challenge to the legal sufficiency of the evidence corroborating her confession, as required by CPL 60.50, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kolupa,* 13 NY3d 786, 787 [2009]; *People v Hines,* 97 NY2d 56, 61 [2001]; *People v Monroe,* 49 AD3d 900 [2008]). In any event, the defendant's confession was sufficiently corroborated by independent evidence (*see* CPL 60.50; *People v Booden,* 69 NY2d 185, 187-188 [1987]; *People v Prado,* 1 AD3d 533, 534 [2003], *affd* 4 NY3d 725 [2004]; *People v Washington,* 184 AD2d 451 [1992]; *People v Mulgrave,* 163 AD2d 538, 539 [1990]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon our independent review of the evidence pursuant to CPL 470.15 (5), we find that the jury verdict convicting the defendant of murder in the second degree was against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Haney,* 85 AD3d 816, 818 [2011]; *People v Pickens,* 60 AD3d 699, 702 [2009]). Initially, we find that an acquittal would not have been unreasonable. Furthermore, while we find that the evidence, properly weighed, proves beyond a reasonable doubt that the defendant placed her hand over the victim's mouth and nose, and that this act caused the infant's death, it does not prove beyond a reasonable doubt that it was her conscious objective to kill the infant victim (*see* Penal Law § 125.25 [1]; *People v Haney,* 85 AD3d at 818).

The evidence supports a finding that the defendant acted recklessly in covering the infant victim's nose and mouth in a misguided effort to quiet the victim in order for her to sleep, but not as a part of a calculated effort to kill the infant victim. Accordingly, the evidence was sufficient to support a finding that the defendant recklessly caused the victim's death (*see* Penal Law § 125.15 [1]) and, therefore, that the defendant committed the offense of manslaughter in the second degree (*see People v Haney,* 85 AD3d at 818; *People v Magliato,* 110 AD2d 266 [1985], *affd* 68 NY2d 24 [1986]). Accordingly, we modify the judgment by reducing the conviction from murder in the second degree to manslaughter in the second degree (*see* CPL 470.15

[5]; *People v Atkinson*, 7 NY3d 765 [2006]), and remit the matter to the County Court, Dutchess County, for sentencing on that conviction (*see* CPL 470.20 [4]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.