■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALID RAUF, Appellant. [971 NYS2d 701]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Lasak, J.), imposed July 19, 2012, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]; *cf. People v Bradshaw*, 18 NY3d 257 [2011]). The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive. Eng, P.J., Dillon, Chambers and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHERYL A. SANTIAGO, Appellant. [971 NYS2d 474]—Appeal by the defendant, as limited by her motion, from a resentence of the County Court, Dutchess County (Greller, J.), imposed December 12, 2012, upon remittitur from this Court (*see People v Santiago*, 97 AD3d 704 [2012], *lv granted* 20 NY3d 935 [2012]), on the ground that the resentence was excessive.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, the resentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Angiolillo, Balkin and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. SHEPPARD, Appellant. [971 NYS2d 479]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Dutchess County (Forman, J.), imposed June 28, 2012, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Dickerson, Lott and Miller, JJ., concur.