■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DAVIS, Appellant. [986 NYS2d 488]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered April 11, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reducing the defendant's conviction of murder in the second degree to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the second degree.

On August 19, 2010, Richard McCoy (hereinafter the victim) was found dead inside of his apartment with a piece of clothing around his neck. The defendant made a series of statements to the police admitting, inter alia, that he tied a piece of clothing around the victim's neck and that he tightened it while they were engaging in sexual conduct to enhance sexual pleasure. The defendant also told the police that he pulled harder on the piece of clothing because he was "pissed off" due to his own inability to reach orgasm and that he failed to realize that the ligature was "dangerous" to the victim, and that he "didn't mean it." At trial, the medical examiner testified that the

victim's cause of death was strangulation by ligature and that it would have taken about 15 seconds for a person to lose consciousness if sufficient pressure was applied to the neck by a ligature to completely obstruct blood supply, and that death would have occurred after an additional three minutes of pressure.

The defendant contends that the verdict was against the weight of the evidence. Upon the defendant's request, "the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633, 636 [2006]). "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d at 348; *see People v Romero*, 7 NY3d at 645-646).

Upon our independent review of the evidence pursuant to CPL 470.15 (5), we find that the jury verdict convicting the defendant of murder in the second degree was against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Santiago*, 97 AD3d 704, 706 [2012], *affd* 22 NY3d 740 [2014]; *People v Haney*, 85 AD3d 816, 818 [2011]; *People v Pickens*, 60 AD3d 699, 702 [2009]). Initially, we find that an acquittal would not have been unreasonable. Furthermore, we find that the evidence, properly weighed, proves beyond a reasonable doubt that the defendant tied a ligature around the victim's neck, that he tightened it, and that his actions caused the victim's death. It does not prove beyond a reasonable doubt that it was the defendant's conscious objective to kill the victim (*see* Penal Law § 125.25 [1]).

The evidence supports a finding that the defendant, while engaging in sexual conduct with the victim, acted recklessly by continuing to hold the ligature around the victim's neck with sufficient force and for a sufficient length of time to completely obstruct blood flow to the victim's brain during his effort to achieve sexual gratification, but not as a part of a calculated effort to kill the victim. Accordingly, under the circumstances, the evidence supports a finding that the defendant recklessly caused the death of the victim (*see* Penal Law § 125.15 [1]). Therefore, we modify the judgment by reducing the conviction of murder

in the second degree to manslaughter in the second degree (*see* CPL 470.15 [5]; *People v Santiago*, 97 AD3d at 706; *People v Haney*, 85 AD3d at 818), and remit the matter to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the second degree.

The defendant's contention that his right to confrontation was violated by the admission of certain toxicology evidence regarding the lack of marijuana in the victim's system through the testimony of the medical examiner is without merit (*see People v Freycinet*, 11 NY3d 38, 42 [2008]; *People v Washington*, 108 AD3d 576, 577-578 [2013]; *People v Castor*, 99 AD3d 1177, 1181 [2012]). Mastro, J.P., Chambers, Lott and Duffy, JJ., concur.