■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE VILLANUEVA, Appellant. [26 NYS3d 171]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 23, 2012, convicting him of aggravated manslaughter in the first degree and aggravated criminal contempt, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reducing the defendant's conviction of aggravated manslaughter in the first degree to aggravated manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of aggravated manslaughter in the second degree.

To the extent the defendant contends that the People did not present legally sufficient evidence that the defendant intended to cause serious physical injury to the victim, that argument is unpreserved for appellate review because the defendant failed to move for a trial order of dismissal on the basis of that specific claim (*see People v Hawkins*, 11 NY3d 484 [2008]; *People v Lewis*, 96 AD3d 878 [2012]). In any event, viewing the evidence in the light most favorable to the People, we find that the evidence was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of aggravated manslaughter in the first degree (*see People v Leak*, 129 AD3d 745 [2015]; *People v Pickens*, 60 AD3d 699 [2009]).

However, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we find that the defendant's conviction of aggravated manslaughter in the first degree was against the weight of the evidence (*see People v Santiago*, 97 AD3d 704 [2012], *affd* 22 NY3d 740 [2014]; *People v Haney*, 85 AD3d 816 [2011]; *People v Pickens*, 60 AD3d 699 [2009]). The evidence, when properly weighed, did not prove, beyond a reasonable doubt, that the defendant intended to seriously injure the victim (*see* Penal Law § 125.22). Rather, the evidence supports a finding that the victim's fatal head wound was recklessly caused by the defendant in the

midst of a struggle (*see People v Haney*, 85 AD3d 816 [2011]; *People v Pickens*, 60 AD3d 699 [2009]). Accordingly, we modify the judgment by reducing the conviction of aggravated manslaughter in the first degree to aggravated manslaughter in the second degree (*see* CPL 470.15 [5]), and remit the matter to the Supreme Court, Kings County, for sentencing on the conviction of aggravated manslaughter in the second degree.

The defendant's contention regarding the introduction into evidence of prior statements used by the prosecution to impeach its own witness is largely unpreserved for appellate review (*see People v Harris*, 112 AD3d 738 [2013]; *People v Jones*, 25 AD3d 724 [2006]; *People v Solomon*, 16 AD3d 701 [2005]). In any event, any error was harmless, as the evidence of the defendant's guilt of the lesser-included offense of aggravated manslaughter in the second degree and aggravated criminal contempt was overwhelming, and there is no significant probability that any error affected the outcome with respect to these two crimes (*see People v Kirksey*, 107 AD3d 825 [2013]; *People v Solomon*, 16 AD3d 701 [2005]). The defendant's contention regarding the admission of evidence of certain prior uncharged crimes is unpreserved for appellate review and, in any event, without merit (*see People v McFarlane*, 106 AD3d 836 [2013]; *People v Sanchez*, 73 AD3d 1093 [2010]; *People v Laverpool*, 52 AD3d 622 [2008]). Balkin, J.P., Hall, Roman and Maltese, JJ., concur.