People v Bush (2020 NY Slip Op 03568)





People v Bush


2020 NY Slip Op 03568


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

109124

[*1]The People of the State of New York, Respondent,
v
Jerry W. Bush, Appellant.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Craig S. Leeds, Albany, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered November 28, 2016, upon a verdict convicting defendant of the crimes of endangering the welfare of an incompetent or physically disabled person in the first degree, assault in the second degree and official misconduct.
Defendant was employed by the Office for People with Developmental Disabilities and worked at a residential facility in Franklin County. Defendant was charged in a multicount indictment stemming from an incident where he and other staff members struck and hit a facility resident (hereinafter the victim) causing him injuries. Defendant and some of the staff members were tried together in a joint jury trial and were represented by the same counsel. Following the trial, defendant was acquitted on the count of assault in the third degree, but was convicted of endangering the welfare of an incompetent or physically disabled person in the first degree, assault in the second degree and official misconduct. Defendant's subsequent CPL 330.30 motion to set aside the verdict was denied. County Court thereafter sentenced defendant to a term of imprisonment. Defendant appeals. We affirm.
Defendant argues that the evidence was not legally sufficient to support the verdict. "A verdict is legally insufficient when, viewing the record in the light most favorable to the prosecution, there is no valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Arhin, 165 AD3d 1487, 1488 [2018] [internal quotation marks and citations omitted]; see People v Novak, 148 AD3d 1352, 1354 [2017], lv denied 29 NY3d 1084 [2017]). Contrary to defendant's assertion that the People failed to prove that the victim was physically disabled or suffered from a mental disease or defect as required for the crime of endangering the welfare of an incompetent or physically disabled person in the first degree (see Penal Law § 260.25), the record discloses that, when the victim was a child, he fell from a train engine and, as a consequence, was in a coma and suffered a traumatic brain injury. The victim testified that his education level was that of a fifth grader and that he has engaged in self-injurious behavior in the past, including hitting his head against a wall. The victim's grandmother, who was the victim's legal guardian, stated that the victim first went to a group home when he was 16 or 17 years old. The victim has resided in the current facility for over three years, which is a place for developmentally disabled people who have backgrounds of mental handicaps. The duties of some aides who worked at the facility included helping residents progress through their programs and assisting them with their daily tasks, such as bathing, brushing their teeth, eating properly or making their bed. In view of this evidence, defendant's argument is without merit.
Defendant also contends that, with respect to the charge of assault in the second degree, the evidence was not legally sufficient to establish that he caused the victim's injuries (see Penal Law § 125.05 [6]) and that, with respect to the charge of official misconduct, the evidence did not show that he failed to accomplish any duty (see Penal Law § 195.00 [2]). We disagree. The victim testified that, after becoming angry and knocking over his food, he was initially restrained by staff members. Defendant [FN1] and the codefendants also responded to the scene, replaced the staff members and took the victim to a "time-out room." A former employee who was working at the time of the incident testified that he was able to observe the victim in the time-out room. He saw a struggle ensue between the victim and defendant and the codefendants, with defendant holding the victim's left arm while one codefendant had the victim in a choke hold. The victim stated that defendant and the codefendants punched and kicked him in the shoulder, back, face and genital area. He specifically testified that he believed that defendant hit him in the face. The former employee stated that the victim was gagging and that his face was turning red. The former employee also stated that he heard one codefendant say after the struggle, "I'm glad we loosened that f***er up." The victim was taken to the emergency room and he stated that he experienced pain in his jaw following this incident. The grandmother visited the victim the day after the incident and she observed that his face was black and blue and swollen on the left side. Other witnesses, including a nurse, likewise testified that they observed the victim with swelling and bruises.[FN2]
Viewing the evidence in the light most favorable to the People, we are satisfied that the evidence was legally sufficient to support the charges of assault in the second degree and official misconduct (see generally People v Contes, 60 NY2d 620, 621 [1983]). The record contains evidence that defendant was a state employee whose duties included supervising the victim and helping him with his daily activities. Furthermore, the victim suffered swelling and bruises after being struck by defendant and the codefendants. We also note that it was not necessary for the People to prove that defendant himself caused the victim's injuries. Rather, for assault in the second degree as charged in the indictment, the People had to show that defendant "or another participant if there be any" caused the injuries while in the course or in the furtherance of committing another felony (Penal Law § 120.05 [6]).
As to defendant's argument that the verdict was against the weight of the evidence, a contrary result would not have been unreasonable in view of the proof submitted by defendant that he did not punch or strike the victim (see People v Colon-Velazquez, 172 AD3d 1621, 1622 [2019], lv denied 34 NY3d 929 [2019]). Nevertheless, the jury was free to reject this proof and credit the testimony given by the People's witnesses (see People v Brinkley, 174 AD3d 1159, 1162 [2019], lv denied 34 NY3d 979 [2019]; People v Mamadou, 172 AD3d 1524, 1525 [2019], lv denied 33 NY3d 1106 [2019]). To the extent that defendant contends that the victim was unworthy of belief due to his cognitive limitations, the jury was in the best position to observe and assess the victim's credibility (see People v Cubero, 160 AD3d 1298, 1300-1301 [2018], affd 34 NY3d 976 [2019]). Viewing the evidence in a neutral light and weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that can be drawn from the trial testimony, as well as taking into account that we defer to the jury's credibility determinations (see People v Sloley, 179 AD3d 1308, 1310-1311 [2020], lv denied ___ NY3d ___ [Apr. 23, 2020]), we cannot say that the verdict was against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant argues that the victim was incompetent due to a mental defect and, therefore, County Court erred in permitting him to testify. A witness older than nine years old may give testimony under oath unless the court is satisfied that this witness cannot comprehend the nature of an oath due to a mental disease or defect (see CPL 60.20 [2]). "The resolution of the issue of witness competency is exclusively the responsibility of the trial court, subject to limited appellate review" (People v Miller, 295 AD2d 746, 748 [2002] [internal quotation marks and citation omitted]). The court's extensive questioning of the victim and the responses thereto demonstrate that the victim knew the difference between telling the truth and a lie, understood the significance of an oath to tell the truth and appreciated the consequences if he lied under oath. In the absence of any evidence indicating that the victim failed to understand the nature of an oath, we find that the court did not abuse its discretion in allowing the victim to testify (see People v Scott, 86 NY2d 864, 865 [1995]; People v Blair, 32 AD3d 613, 614 [2006]; People v Arnold, 177 AD2d 633, 634 [1991], lv denied 79 NY2d 853 [1992]).
Defendant contends that County Court erred when it sustained the People's hearsay objection precluding a witness from testifying that the former employee told the witness at a meeting that defendant was not involved in the assault on the victim. "[T]he credibility of any witness can be attacked by showing an inconsistency between his [or her] testimony at trial and what he [or she] has said on previous occasions. However, as this testimony is often collateral to the ultimate issue before the jury and bears only upon the credibility of the witness, its admissibility is entrusted to the sound discretion of the [court]" (People v Duncan, 46 NY2d 74, 80 [1978] [internal citation omitted], cert denied 442 US 910 [1979]). For the proposed testimony to be admissible under the prior inconsistent statement exception, defendant was required to lay a proper foundation by questioning the former employee about any inconsistencies between his trial testimony and the prior statement that he made to this witness and then giving him an opportunity to explain any inconsistencies (see id. at 80-81; People v Laurey, 24 AD3d 1107, 1109 [2005], lv denied 6 NY3d 815 [2006]). Because defendant failed to lay the proper foundation to inquire into this alleged inconsistency, the court's ruling in sustaining the objection was not an abuse of discretion (see People v Maxam, 135 AD3d 1160, 1161-1162 [2016], lv denied 27 NY3d 1135 [2016]; People v Carter, 227 AD2d 661, 663 [1996], lv denied 88 NY2d 1067 [1996]). Although defendant also contends that the witness's proposed testimony was not circumscribed by the general rules governing hearsay evidence because it went to the core issue of the case, this was not the basis of defendant's opposition to the People's hearsay objection. Rather, defendant's argument in favor of admitting proposed testimony was that "it goes directly to the credibility of [the former employee]." As such, defendant's contention on appeal is unpreserved (see People v Johnson, 172 AD3d 1628, 1633 [2019], lv denied 34 NY3d 951 [2019]). Were this issue properly before us, we would find it to be without merit (compare People v Bradley, 99 AD3d 934, 937-938 [2012]).
We are unpersuaded by defendant's claim that County Court erred by failing to give a circumstantial evidence charge. Because there was both direct and circumstantial evidence of the victim's injuries and how they were caused, a circumstantial evidence charge was not required to be given (see People v Hardy, 26 NY3d 245, 251 [2015]; People v Ash, 162 AD3d 1318, 1322 [2018], lv denied 32 NY3d 1002 [2018]). We also find that defendant's argument that the People committed a Brady violation to be without merit. Specifically, defendant argues that the People failed to timely disclose that the former employee had a violation for driving while ability impaired (see Vehicle and Traffic Law § 1192 [1]) and, as a consequence, he was unable to effectively cross-examine this witness. This traffic infraction, however, is not considered a criminal conviction for impeachment purposes (see Vehicle and Traffic Law § 155). Accordingly, we conclude that the People did not run afoul of their Brady obligations.
Defendant's challenges to comments made by the prosecutor during opening and closing statements are unpreserved in the absence of a timely objection thereto (see People v Brown, 169 AD3d 1258, 1259 [2019], lv denied 33 NY3d 1029 [2019]). For similar reasons, defendant's assertion that certain jury instructions given by County Court were erroneous is unpreserved (see People v Taylor, 163 AD3d 1275, 1277 [2018], lv denied 32 NY3d 1068 [2018]). Defendant, however, also argues that his counsel's failure to raise these objections amounted to deficient representation. Contrary to defendant's assertion, neither the use of the phrase "I'm confident" by the prosecutor in his opening statement nor his use of the proper noun "I" in his summation amounted to an expression of his personal belief of the case (see People v Franklin, 288 AD2d 751, 755 [2001], lv denied 97 NY2d 728 [2002]). As to the prosecutor's other comments on summation, the challenged remarks were either responsive to defense counsel's remarks or fair comment on the evidence. Accordingly, any objection to these remarks would have little or no chance of success (see People v Planty, 155 AD3d 1130, 1133 [2017], lv denied 30 NY3d 1118 [2018]). Regarding the court's instructions referring to defendant's "guilt or innocence," although such comments were not ideal, we note that the court reminded the jury that the People bore the burden of proving defendant's guilt. When viewing the instructions in their totality, we cannot say that counsel's failure to object to these remarks equated to deficient representation (see People v Castillo, 29 NY3d 935, 937 [2017]). Defendant's other grievances with respect to the court's charges are likewise unavailing and, therefore, any failure to object to them did not constitute ineffective assistance (see People v Perkins, 27 AD3d 890, 893 [2006], lv denied 6 NY3d 897 [2006]).
Defendant additionally contends that his counsel was ineffective due to his joint representation of him and the codefendants. The record, however, reflects that County Court held a Gomberg hearing prior to trial wherein the risks and pitfalls of joint representation were thoroughly explained. Defendant understood these risks and consented to the joint representation. Given that the record discloses that defendant waived any conflict of interest, his contention of ineffective assistance of counsel premised upon the joint representation is without merit (see People v Alexander, 255 AD2d 708, 709-710 [1998], lv denied 93 NY2d 897 [1999]). Taking into account that defendant's counsel, among other things, made cogent opening and closing statements, offered proof in support of defendant's defense, vigorously cross-examined the People's witnesses, moved to set aside the verdict and secured the acquittal of one count in the indictment, we are unpersuaded by defendant's ineffective assistance of counsel claim (see People v Brown, 169 AD3d at 1260; People v Smith, 157 AD3d 978, 982 [2018], lvs denied 31 NY3d 1087 [2018]; People v Henry, 129 AD3d 1334, 1336 [2015], lv denied 26 NY3d 930 [2015]).
Regarding the CPL 330.30 motion, defendant raised allegations of juror misconduct that purportedly occurred during jury deliberations.[FN3] A verdict may be set aside if "during the trial there occurred, out of the presence of the court, improper conduct by a juror . . ., which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (CPL 330.30 [2]; see People v St. Louis, 20 AD3d 592, 594 [2005], lv denied 5 NY3d 856 [2005]). Such motion, however, must contain "sworn allegations, whether by the defendant or by another person or persons, of the occurrence or existence of all facts essential to support the motion" (CPL 330.40 [2] [a]). Because the motion was supported only by counsel's affirmation and an unsworn email from one of the jurors, and not the requisite sworn allegations, it was correctly denied without a hearing (see People v Gouveia, 88 AD3d 814, 816 [2011], lv denied 18 NY3d 957 [2012]; People v Simon, 178 AD2d 447, 447 [1991], lvs denied 79 NY2d 923 [1992]). In any event, the cursory claims presented in the email fail to show that a substantial right of defendant was affected (see People v Hartle, 159 AD3d 1149, 1154-1155 [2018], lv denied 31 NY3d 1082 [2018]; People v Mattis, 108 AD3d 872, 876 [2013], lv denied 22 NY3d 955 [2013]). Defendant's remaining assertions, to the extent not discussed herein, have been examined and are without merit.
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's title at the facility was a developmental disability secure care treatment aide whose responsibilities included, among other things, assisting residents with behavioral interventions and daily living skills and supervising and cooking for them.

Footnote 2: One staff member testified that she did not observe any injuries on the victim prior to when he was taken to the time-out room.

Footnote 3: Defendant also contended that the grandmother's testimony as to the alleged crime and the victim's medical condition was hearsay and improper bolstering. Defendant, however, did not object to the grandmother's testimony on these grounds and, therefore, such argument is unpreserved (see People v Padro, 75 NY2d 820, 821 [1990]).