People v Tactikos (2020 NY Slip Op 05535)





People v Tactikos


2020 NY Slip Op 05535


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-11663
 (Ind. No. 6639/17)

[*1]The People of the State of New York, respondent,
v
John Tactikos, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered August 3, 2018, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by reducing the conviction of robbery in the second degree under count one of the indictment to robbery in the third degree, reducing the conviction of assault in the second degree under count three of the indictment to attempted assault in the second degree, and vacating the sentences imposed upon those convictions; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the convictions of robbery in the third degree and attempted assault in the second degree.
The defendant was convicted, upon a jury verdict, of robbery in the second degree and assault in the second degree. On appeal, he contends, inter alia, that the evidence was legally insufficient to establish that he caused physical injury to the victim, physical injury being an element of robbery in the second degree and assault in the second degree (Penal Law §§ 120.05[2]; 160.10[2][a]), and that the jury's verdict of guilt on these counts was against the weight of the evidence.
"Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]). "Although the question of whether physical injury has been established is generally for the jury to decide, 'there is an objective level . . . below which the question is one of law'" (People v Young, 99 AD3d 739, 740, quoting Matter of Philip A., 49 NY2d 198, 200).
The defendant's contention that the People failed to present legally sufficient evidence to establish that he caused physical injury to the victim is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492-493).
Nevertheless, upon request, we must review the record as, in effect, a "second jury" (People v Delamota, 18 NY3d 107, 117; see People v Kancharla, 23 NY3d 294, 302-303; People v Romero, 7 NY3d 633, 644 n 2; cf. People v Danielson, 9 NY3d 342, 348) to determine whether [*2]the verdict was against the weight of the evidence (see CPL 470.15[5]; People v Andujar, 166 AD3d 893; People v Fonerin, 159 AD3d 717). A necessary part of that review is an evaluation of whether the evidence introduced at trial proved all of the elements of the charged crime (see People v Danielson, 9 NY3d at 349; People v Sauri, 170 AD3d 1201, 1202-1203).
Here, the victim gave testimony about an incident in which the defendant attacked her and forcibly stole property from her. During the incident, the defendant pushed the victim down onto a bed, bound her wrists with a coaxial cable, placed the cable around her neck, and placed her in a choke hold with his arm across her throat. After the incident, the victim had an indentation on her wrist where the cord had been tied, her wrist was sore and had redness, and she had a red mark on her neck. She was "pretty numb" at the time and was not experiencing pain. She declined to go to the hospital. A few days later, she had difficulty swallowing and her throat was "kind of sore" for "[j]ust a couple of days." When she testified before the grand jury, approximately one week after the incident, she was asked if she had any pain or discomfort, and she answered, "just the muscle in my arm." Under these particular facts, the weight of the evidence does not support a finding that the victim suffered impairment of physical condition or substantial pain. Accordingly, we reduce the conviction of robbery in the second degree to robbery in the third degree (see Penal Law §§ 160.10[2][a]; 160.05; see also People v Villanueva, 136 AD3d 1068, 1068-1069; People v Sanders, 245 AD2d 471, 472), reduce the conviction of assault in the second degree to attempted assault in the second degree (see Penal Law §§ 110.00, 120.05[2]; see also People v Villanueva, 136 AD3d at 1068-1069; People v Baez, 13 AD3d 463), vacate the sentences imposed on those convictions, and remit the matter to the Supreme Court, Kings County, for sentencing on the reduced convictions.
The defendant's challenge to a supplemental jury instruction is unpreserved for appellate review (see CPL 470.05[2]). In any event, the Supreme Court responded meaningfully to the jury's inquiry (see People v Whitney, 95 AD3d 1147).
The defendant was not deprived of the effective assistance of counsel under the Federal or State Constitution (see People v King, 172 AD3d 1098, 1099).
The defendant's contention that the sentence imposed was excessive has been rendered academic in view of our determination.
The defendant's remaining contention is partially unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court