People v Mussen (2022 NY Slip Op 01067)





People v Mussen


2022 NY Slip Op 01067


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

109954
[*1]The People of the State of New York, Respondent,
v
Franklin Mussen, Appellant.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
Jonathan J. Miller, Acting District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered November 28, 2016, upon a verdict convicting defendant of the crimes of endangering the welfare of an incompetent or physically disabled person in the first degree, assault in the second degree, assault in the third degree and official misconduct.
Defendant was employed by the Office for People with Developmental Disabilities and worked at a residential care facility in Franklin County. In October 2014, defendant was charged, along with three other staff members, in a multicount indictment stemming from an incident where he and the other staff members struck and hit a facility resident (hereinafter the victim), causing him injuries. The specific circumstances of the incident are more fully set forth in our decision affirming the judgment of conviction as to Jerry Bush, one of the two codefendants that defendant was tried with (People v Bush, 184 AD3d 1003 [2020], lv denied 35 NY3d 1093 [2020]), and they need not be repeated at length here. Suffice it to say that, after the victim knocked over his meal, he was initially detained by staff and then taken to a "time-out" room by defendant and his codefendants. While placed in a choke hold by defendant, the victim was punched and kicked by the other staff members. Following a jury trial, defendant was convicted of endangering the welfare of an incompetent or physically disabled person in the first degree, assault in the second degree, assault in the third degree and official misconduct. Defendant's subsequent CPL 330.30 motion to set aside the verdict on the ground of juror misconduct was denied. County Court thereafter sentenced defendant to concurrent prison terms, as well as imposing a $5,000 fine. Defendant appeals.
Defendant first argues that the evidence was legally insufficient to support the verdict. "When assessing the legal sufficiency of the evidence, [this Court must] view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the factfinder on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Caden N., 189 AD3d 84, 88 [2020] [internal quotations, brackets and citations omitted], lv denied 36 NY3d 1050 [2021]; see People v Arhin, 165 AD3d 1487, 1488 [2018]). "A person is guilty of endangering the welfare of an incompetent or physically disabled person in the first degree when he [or she] knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a person who is unable to care for himself or herself because of a physical disability, mental disease or defect" (Penal Law § 260.25). As relevant here, for defendant to be found guilty of assault in the second degree, the People had to prove that, "[i]n the course of [*2]and in furtherance of the commission or attempted commission of a felony . . . or of immediate flight therefrom, [defendant], or another participant if there be any, cause[d] physical injury to a person other than one of the participants" (Penal Law § 120.05 [6]). As charged in the indictment, "[a] person is guilty of assault in the third degree when[,] . . . [w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person or to a third person" (Penal Law § 120.00 [1]). Finally, "[a] public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit[,] . . . [h]e [or she] knowingly refrains from performing a duty which is imposed upon him [or her] by law or is clearly inherent in the nature of his [or her] office" (Penal Law § 195.00 [2]).
Regarding defendant's convictions for endangering the welfare of an incompetent or physically disabled person in the first degree and assault in the second degree, as we held in Bush, the evidence established that the victim was an incapacitated person (People v Bush, 184 AD3d at 1004), and there is no reason to depart from that ruling here. The record also established that defendant engaged in conduct that caused injury to the victim sufficient to satisfy that element of these charges. A former employee working at the time of the incident testified that he observed the victim in the time-out room. He saw defendant "strangling" the victim by placing him in a choke hold and tightening his bicep around the victim's neck and saw one of the codefendants punch the victim in the face with a closed fist. After the incident, the employee observed that the victim's face was red, the left side of his face was swollen, and he was in the fetal position crying and asking for medical attention. According to the victim, he was punched and kicked in the shoulder, back, face and genital area. The victim stated that he experienced pain in his jaw and was observed to have swelling and bruises after the incident. We further note that, with respect to the charge of assault in the second degree, the People did not have to prove that defendant himself caused the victim's injuries; rather, for assault in the second degree as charged in the indictment, the People only had to show that defendant "or another participant if there be any" caused the injuries while in the course or in furtherance of another felony (Penal Law § 120.05 [6]. As to defendant's conviction of official misconduct, the record established that defendant was a state employee whose duties included supervising the victim. We therefore find that legally sufficient evidence supports defendant's convictions of endangering the welfare of an incompetent or physically disabled person in the first degree, assault in the second degree and official misconduct (see People v Contes, 60 NY2d 620, 621 [1983]).
Defendant's challenge to the weight of the evidence with respect [*3]to his convictions of endangering the welfare of an incompetent or physically disabled person in the first degree, official misconduct and assault in the second degree also proves unavailing. Although a contrary result would not have been unreasonable in light of defendant's testimony that he did not observe anyone strike the victim, the jury was free to reject this proof and credit the testimony given by the People's witnesses (see People v Brinkley, 174 AD3d 1159, 1162 [2019], lv denied 34 NY3d 979 [2019]; People v Mamadou, 172 AD3d 1524, 1525 [2019], lv denied, 33 NY3d 1106 [2019]). Indeed, although defendant argues that his actions in allegedly calming the victim and defusing the situation merit praise rather than condemnation, the fact remains that the jury found otherwise. Viewing the evidence in a neutral light and deferring to the jury's credibility assessments, we conclude that the verdict as to these three convictions was not against the weight of the evidence (see People v Rahaman, 189 AD3d 1709, 1711 [2020], lv denied 36 NY3d 1059 [2021]; People Bush, 184 AD3d at 1005; People v Cubero, 160 AD3d 1298, 1300-1301 [2018], lv denied 34 NY3d 976 [2019]).
We find otherwise, however, with respect to defendant's conviction for assault in the third degree. Unlike assault in the second degree, assault in the third degree requires that defendant himself — not another participant — inflict physical injury upon the victim (see Penal Law § 120.00 [1]). No evidence was adduced at trial that defendant actually struck the victim, and the victim's injuries were not to his neck area — the offending area of a choke hold — nor did the victim claim that he suffered pain in that area as a result of the choke hold. These circumstances, notwithstanding that the former employee testified that he observed that the victim's face was red and saw the victim gagging, do not support a finding that the victim suffered impairment of a physical condition or substantial pain so as to constitute a physical injury (see People v Tactikos, 187 AD3d 800, 801-802 [2020] lv dismissed, 36 NY3d 1060 [2021]). Accordingly, we find that the People failed to prove that defendant caused the requisite physical injury to the victim to support the conviction of assault in the third degree and his conviction thereof must be reversed.
Defendant's remaining arguments also prove unavailing. Defendant's contention that the People committed a Brady violation by failing to timely disclose that the former employee had a previous traffic violation for driving while ability impaired was addressed by this Court in Bush and found to be meritless, and we see no reason to deviate from that holding here (People v Bush, 184 AD3d at 1007-1008). Similarly, with respect to the charge of juror misconduct asserted by defendant in his CPL 330.30 motion, this Court sustained the denial of the same motion by Bush (id. at 1009), and we see no reason to hold otherwise with respect to defendant.
Finally[*4], defendant challenges the $5,000 fine imposed upon him. Penal Law § 80.00 (1) provides for the imposition of a fine up to a maximum amount of $5,000 or double the amount of a defendant's gain from his or her commission of the crime as part of a sentence for a felony conviction. Although, as defendant points out, he did not realize any financial gain from the crime, the assault upon an especially vulnerable person supports the leveling of the maximum allowed fine (see People v Oliver, 276 AD2d 930, 931 [2000]). County Court therefore did not abuse its discretion by imposing it.
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of assault in the third degree under count 3 of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.