People v Lopez-Sarmiento (2022 NY Slip Op 04493)

People v Lopez-sarmiento

2022 NY Slip Op 04493

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

510 KA 18-00608

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE LOPEZ-SARMIENTO, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN, FOR RESPONDENT. 

 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered May 2, 2017. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, assault in the second degree, menacing in the second degree, criminal mischief in the fourth degree and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of assault in the second degree (Penal Law § 120.05 [2]) to attempted assault in the second degree (§§ 110.00, 120.05 [2]) and vacating the sentence imposed on count two of the indictment and as modified the judgment is affirmed, and the matter is remitted to Yates County Court for sentencing on the conviction of attempted assault in the second degree.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, among other things, burglary in the first degree (Penal Law § 140.30 [3]) and assault in the second degree
(§ 120.05 [2]). Contrary to defendant's contention, County Court properly admitted evidence regarding defendant's prior harassment conviction stemming from an unrelated incident during which he threatened the victim with a knife. That evidence was relevant to the issue of defendant's intent and the lack of mistake or accident (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Simpson, 173 AD3d 1617, 1619 [4th Dept 2019], lv denied 34 NY3d 954 [2019]). Further, the court properly "balanced the probative value of the evidence against its potential for prejudice . . . and its instructions to the jury minimized any prejudicial effect" (People v Smalls, 70 AD3d 1329, 1330 [4th Dept 2010], lv denied 14 NY3d 844 [2010], reconsideration denied 15 NY3d 778 [2010]; see Dorm, 12 NY3d at 19).
We agree with defendant that the evidence is legally insufficient to establish that he caused physical injury to the victim by means of a dangerous instrument and thus that the conviction of assault in the second degree is not supported by legally sufficient evidence (see generally Penal Law § 10.00 [9]). The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), establishes that defendant attempted to stab the victim and the two struggled over the knife; however, the victim suffered no more than minor cuts to her hands that did not require bandaging and caused only transient pain (see People v Patterson, 192 AD2d 1083, 1083 [4th Dept 1993]; see also People v Sanders, 245 AD2d 471, 472 [2d Dept 1997]). Nevertheless, we further conclude that the evidence is legally sufficient to establish defendant's guilt of the lesser included offense of attempted assault in the second degree (§§ 110.00, 120.05 [2]; see CPL 470.15 [2] [a]). We therefore modify the judgment accordingly. We have examined defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court