THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE D. O'HALLORAN, SR., Appellant. [852 NYS2d 471]—

Rose, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 3, 2007, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sodomy in the second degree and endangering the welfare of a child.

While being questioned about whether he had sexual contact with a minor female, the then 18-year-old victim told police that when he was less than 14 years old, he had been sexually molested by defendant. Defendant was ultimately charged in a 12-count indictment with a variety of sexual offenses against the victim. Following a jury trial, at which the defense argued that the victim's testimony was fabricated to obtain a favorable plea bargain in his own case, defendant was convicted of sodomy in the first degree, sodomy in the second degree and endangering the welfare of a child. Later, asserting that there

was newly discovered evidence that the victim had falsely accused defendant and the People improperly withheld recorded statements of the victim, defendant moved to set aside the verdict pursuant to CPL 330.30. Finding that the new evidence was insufficient and there had been no violation of the People's obligations to disclose under *Rosario* and *Brady*, County Court denied the motion.

Defendant now appeals, arguing only that County Court should have granted his motion to set aside the verdict because the People failed to disclose *Brady* material and that he was denied the effective assistance of counsel at trial. Initially, there is no dispute that the People withheld statements made by the victim about the charges against him, including one recorded on videotape. The withholding of those statements would constitute a *Brady* violation if they could have assisted the defense in impeaching the victim's credibility (*see e.g. People v Hawes*, 298 AD2d 706, 708 [2002], *lv denied* 99 NY2d 582 [2003]). If so, we would then consider whether the violation was material. Since defendant made only a generalized demand for disclosure, the materiality of the violation would depend upon whether there is a reasonable probability that the result at trial would have been different if the statements had been disclosed (*see id.*). The withheld recorded statements, however, are not included in the record before us despite their having been reviewed by County Court. As a result, we cannot review the court's finding that the information contained therein was known to the defense before trial or would not have aided the defense. Since it was defendant's obligation to prepare a complete record for appeal (*see People v Olivo*, 52 NY2d 309, 320 [1981]; *People v Johnson*, 292 AD2d 284, 285 [2002], *lv denied* 98 NY2d 698 [2002]) and there is no evidence that he sought to have the withheld statements included in the record, his failure to do so renders the record insufficient for meaningful appellate review (*cf. People v Janota*, 181 AD2d 932, 934-935 [1992]).

Nor are we persuaded by defendant's claim that he was deprived of meaningful representation by the cumulative effect of the omissions of his trial counsel. Specifically, defendant cites counsel's failures to investigate the witnesses who gave affidavits on his motion to set the verdict aside, to effectively impeach the victim based upon what had been disclosed by the People and to object to some of the prosecutor's comments during closing. Since defendant's counsel did call the jury's attention to the victim's prior bad acts, his potential motive to fabricate and his having received no jail time for his sexual offense, we are persuaded that defendant received meaningful represen-

tation under all the circumstances (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Brockway*, 277 AD2d 482, 487 [2000]; *People v Venditto*, 171 AD2d 952, 953 [1991], *lv denied* 78 NY2d 1130 [1991]).

Mercure, J.P., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.