*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 16, 2016             107077
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,

                 Respondent,

      v                               MEMORANDUM AND ORDER

MARK J. WELDEN,

                 Appellant.
_____


Calendar Date: April 21, 2016

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

Robert Gregor, Lake George, for appellant.

Karen Heggen, District Attorney, Ballston Spa (Kristin T. Foust of counsel), for respondent.

_____

McCarthy, J.P.

Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered September 4, 2014, upon a verdict convicting defendant of the crimes of aggravated harassment in the second degree (two counts) and endangering the welfare of a child (two counts).

Defendant was charged by a 12-count indictment with a variety of crimes based on allegations regarding his relationship with his son's 14-year-old girlfriend. After his conviction on two counts of aggravated harassment in the second degree and two counts of endangering the welfare of a child, County Court sentenced defendant to an aggregate prison term of two years. Defendant appeals.

By failing to challenge the indictment within five days of being arraigned on it, defendant waived his right to argue that it should have been dismissed based on a deprivation of his right to testify before the grand jury as to his version of events (see CPL 190.50 [5] [c]; People v Littebrant, 55 AD3d 1151, 1153 [2008], lv denied 12 NY3d 818 [2009]).  In any event, defendant's argument is without merit.  A review of the record established that defendant was only restricted from continuing narratives unrelated to the charges at issue, such as a story about chasing deer in a field.  Accordingly, were this issue before us, we would find that defendant's right to make a statement about the relevant matters before the grand jury was not abridged (see People v Smith, 84 NY2d 998, 1001 [1994]; People v Dunn, 248 AD2d 87, 94-96 [1998]).  Finally, given defendant's extensive criminal history, County Court's imposition of the maximum sentence is neither harsh nor excessive (see People v Hill, 130 AD3d 1305, 1306 [2015], lv denied 27 NY3d 999 [2016]).  Defendant's remaining contentions are also without merit.

Egan Jr., Lynch, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court