(April 20, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN D. CHERRY, Appellant. [52 NYS3d 567]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 28, 2014, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.

Defendant was in bed just before dawn when police officers executing a search warrant entered his apartment and discovered a loaded .22 caliber revolver under the pillow where he had been lying. He was charged by indictment with criminal possession of a weapon in the second degree and, following a jury trial, he was convicted as charged. Defendant was sentenced, as a second felony offender, to a prison term of 12 years, with five years of postrelease supervision, and he now appeals.

Although defendant initially contends that the indictment was obtained in violation of his statutory right to testify before the grand jury, this argument was waived "since he did not move to dismiss the indictment upon such ground within five days of arraignment [upon the indictment] as required by [CPL 190.50 (5) (c)]" (*People v Yontz*, 116 AD3d 1242, 1244 [2014], *lv denied* 23 NY3d 1026 [2014]; *see People v Welden*, 140 AD3d 1406, 1406 [2016], *lv denied* 28 NY3d 938 [2016]). Nor are we persuaded that the failure of counsel to make such a motion constituted less than meaningful representation inasmuch as defendant has not established "an absence of strategic or legitimate reasons for counsel's failure to pursue this course of action" (*People v Wright*, 5 AD3d 873, 874-875 [2004], *lv denied* 3 NY3d 651 [2004]).

Defendant next contends that his conviction is not supported by legally sufficient evidence and is against the weight of the evidence because the People failed to prove that he constructively possessed the revolver. While the legal sufficiency argu-

ment is unpreserved for our review (*see People v Brown*, 139 AD3d 1178, 1178 [2016]; *People v Peterkin*, 135 AD3d 1192, 1192 [2016]), "[n]evertheless, we must, as part of our weight of the evidence review, evaluate whether the elements of [the] crime were proven beyond a reasonable doubt" (*People v Collier*, 146 AD3d 1146, 1147-1148 [2017]; *see People v Montford*, 145 AD3d 1344, 1345 [2016]). As relevant here, "[c]onstructive possession can be demonstrated where there is evidence—either direct or circumstantial—that [the] defendant exercised dominion and control over the weapon or the area in which it was found" (*People v Butler*, 126 AD3d 1122, 1123 [2015] [internal quotation marks and citation omitted], *lv denied* 25 NY3d 1199 [2015]; *accord People v Graham*, 138 AD3d 1242, 1242 [2016], *lv denied* 28 NY3d 930 [2016]; *People v Oliver*, 135 AD3d 1188, 1190 [2016], *lv denied* 27 NY3d 1003 [2016]). Further, constructive possession "may be found even though others have access to the contraband or the area where it is located" (*People v Perry*, 116 AD3d 1253, 1254 [2014]; *accord People v Graham*, 138 AD3d at 1243; *People v Rodwell*, 122 AD3d 1065, 1067 [2014], *lv denied* 25 NY3d 1170 [2015]).

The trial evidence established that police officers executing the search warrant breached a window that opened into a bedroom in defendant's apartment where defendant and a female were observed lying on a bed. A search of the bedroom produced, among other things, the loaded revolver underneath the pillow on the right side of the bed where defendant had been lying. While a different verdict would not have been unreasonable (*see generally People v Danielson*, 9 NY3d 342, 348 [2007]), we are satisfied that the evidence, when viewed in a neutral light and after deferring to the jury's credibility determinations (*see generally People v Poulos*, 144 AD3d 1389, 1390-1391 [2016]), established defendant's constructive possession of the revolver and, thus, the verdict is in accord with the weight of the evidence (*see People v Perry*, 116 AD3d at 1255; *People v Dawson*, 110 AD3d 1350, 1352-1353 [2013], *lv denied* 23 NY3d 1035 [2014]).

We are similarly unpersuaded by defendant's contention that County Court erred in denying his motion to suppress the revolver inasmuch as our review of the record confirms that the issuing court had probable cause to believe that drugs and weapons would be found in defendant's apartment. The search warrant application and the testimony from the suppression hearing, taken together, along with the presumption of validity that is accorded to a search warrant that has been judicially approved (*see People v Castillo*, 80 NY2d 578, 585 [1992], *cert*

denied 507 US 1033 [1993]; *People v Vanness*, 106 AD3d 1265, 1266 [2013], *lv denied* 22 NY3d 1044 [2013]; *People v Welch*, 2 AD3d 1354, 1357 [2003], *lv denied* 2 NY3d 747 [2004]), provided "sufficient information to support a reasonable belief that evidence of a crime" would be found in defendant's apartment (*People v Pasco*, 134 AD3d 1257, 1258 [2015]; *see People v Williams*, 140 AD3d 1526, 1526-1527 [2016], *lv denied* 28 NY3d 1076 [2016]). Further, the description of the first floor apartment as the premises to be searched was sufficiently precise (*see People v Carpenter*, 51 AD3d 1149, 1150 [2008], *lv denied* 11 NY3d 786 [2008]), and defendant's *Aguilar-Spinelli* claim is unpreserved for our review (*see People v Wolfe*, 103 AD3d 1031, 1034 [2013], *lv denied* 21 NY3d 1021 [2013]); in any event, it is without merit (*see People v Cavallaro*, 123 AD3d 1221, 1222 [2014]).

Next, we perceive no abuse of discretion in County Court's *Sandoval* compromise as the three of six convictions that the People were allowed to inquire about "were neither too remote in time nor similar to the charged crimes and were probative of defendant's credibility and willingness to put his interests above those of society" (*People v Mould*, 143 AD3d 1186, 1188 [2016], *lv denied* 28 NY3d 1187 [2017]; *see People v Portis*, 129 AD3d 1300, 1303 [2015], *lv denied* 26 NY3d 1091 [2015]). Defendant's contention that the People improperly questioned him about his gang affiliation is unpreserved for our review (*see People v Fournier*, 137 AD3d 1318, 1321 [2016], *lv denied* 28 NY3d 929 [2016]) and, in any event, is without merit inasmuch as it was defendant, and not the People, who first raised the issue (*see People v Abrams*, 73 AD3d 1225, 1228 [2010], *affd* 17 NY3d 760 [2011]). Defendant's assertion that improper remarks by the prosecutor during summation deprived him of a fair trial is similarly unpreserved (*see People v Rivera*, 124 AD3d 1070, 1074-1075 [2015], *lv denied* 26 NY3d 971 [2015]). In any event, while we agree that the remarks at issue were improper, "viewing the summation as a whole, the [prosecutor] did not engage in a pervasive and flagrant pattern of misconduct so as to deprive defendant of a fair trial" (*People v Collier*, 146 AD3d at 1151; *see People v Nadal*, 131 AD3d 729, 731 [2015], *lv denied* 26 NY3d 1041 [2015]).

Finally, in light of defendant's prior criminal history and the fact that his sentence is less than the statutory maximum, "we are not persuaded that the sentence imposed was harsh or excessive or that extraordinary circumstances warrant a reduction in the interest of justice" (*People v Lemon*, 137 AD3d 1422, 1423 [2016], *lv denied* 27 NY3d 1135 [2016]). Defendant's

remaining contentions have been considered and determined to be lacking in merit.

Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed.