People v Morton (2021 NY Slip Op 05892)





People v Morton


2021 NY Slip Op 05892


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

109255 110079
[*1]The People of the State of New York, Respondent,
v
Charles Morton, Appellant.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Charles Morton, Schenectady, appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Aarons, J.
Appeals (1) from a judgment of the Supreme Court (Reilly Jr., J.), rendered January 12, 2017 in Schenectady County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), and (2) by permission, from an order of the County Court of Schenectady County (Sypniewski, J.), entered January 8, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Two separate controlled buys were arranged with a confidential informant (hereinafter CI) in which the CI purchased heroin from defendant. In connection with these controlled buys, defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Prior to trial, defendant made several motions to dismiss the indictment on various grounds — all of which were denied. A jury trial was held, during which defendant moved to suppress certain evidence. Supreme Court denied the motion. Following the trial's conclusion, defendant was convicted as charged. Defendant's subsequent motion to set aside the verdict under CPL article 330 was denied, and Supreme Court sentenced him to a term of imprisonment. Defendant thereafter moved to vacate the judgment of conviction under CPL 440.10. In a January 2018 order, County Court denied the motion without a hearing. Defendant appeals from the judgment and, by permission, from the January 2018 order. We affirm.
Defendant argues that his pretrial motion to dismiss the indictment should have been granted because he was deprived of his right to testify before the grand jury. The record, however, reflects that the People gave defendant reasonable notice that grand jury proceedings would be held. More critically, there is no indication that defendant provided the People with written notice of his intent to testify before the grand jury as required by CPL 190.50 (5) (a). Accordingly, defendant's argument is without merit (see People v Wilkerson, 140 AD3d 1297, 1300 [2016], lv denied 28 NY3d 938 [2016]).
As to Supreme Court's Batson ruling, defendant contends that the People did not satisfy their step-two showing.[FN1] At step two, the People were obligated to provide a race-neutral reason for seeking to remove a prospective juror (see People v Thomas, 155 AD3d 1120, 1123 [2017], lv denied 31 NY3d 1018 [2018]). The explanations provided by the People were that two jurors stated that they had family members who were convicted of drug-related crimes, one juror stated that, due to a medical condition, he had a concern of his ability to pay attention to both sides of the case and another juror stated that "she would feel really bad if she had to take someone away from their family." Taking into account that the reasons tendered by the [*2]People "need not be persuasive or plausible but only facially permissible" (People v Callicut, 101 AD3d 1256, 1261 [2012] [internal quotation marks and citation omitted], lvs denied 20 NY3d 1096, 1097 [2013]; see People v Allen, 86 NY2d 101, 109-110 [1995]), the court correctly determined that the People met their step-two showing (see People v Kirkley, 172 AD3d 1541, 1546 [2019], lv denied 33 NY3d 1106 [2019]; People v Smith, 157 AD3d 978, 981 [2018], lvs denied 31 NY3d 1087 [2018]). To the extent that defendant contends that the court erred in denying his Batson challenge immediately after the People's step-two proffer and should have proceeded to step three of the Batson analysis, such contention is unpreserved (see People v Acevedo, 141 AD3d 843, 847 [2016]).
Defendant argues that the verdict was not supported by legally sufficient evidence because the People failed to prove that he knowingly and unlawfully possessed and sold heroin to the CI.[FN2] At trial, the CI testified that he previously purchased heroin from defendant and, after being arrested, he agreed to cooperate with law enforcement in exchange for reduced charges. The CI texted defendant to arrange a buy, and he received a response from defendant that they could meet at a previously known location. At the location, the CI indicated to defendant that he wanted "a bundle." The CI then went into defendant's car, bought heroin from him with the prerecorded buy money and then left. The CI also testified that, on a separate date, he reached out to defendant again. At the arranged location, defendant got in the CI's vehicle, in which an undercover officer was a passenger, and gave the CI heroin in exchange for the prerecorded buy money. Viewing this evidence, as well as the proof that defendant possessed the buy money, in the light most favorable to the People, there was legally sufficient evidence to support the convictions of criminal sale of a controlled substance in the third degree (see People v Scott, 174 AD3d 1049, 1051 [2019]) and criminal possession of a controlled substance in the third degree (see People v Cowan, 177 AD3d 1173, 1177 [2019], lv denied 34 NY3d 1127 [2020]; People v Stephens, 31 AD3d 890, 891 [2006], lv denied 7 NY3d 870 [2006]).
Defendant asserts that he was subjected to an unlawful search and seizure after his vehicle was stopped following the first controlled buy. Law enforcement may lawfully stop an automobile when there is "reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Hinshaw, 35 NY3d 427, 430 [2020]). The record discloses that there was reasonable suspicion to believe that defendant had committed a crime based upon the controlled buy, which was being surveilled by law enforcement officials. Furthermore, when it was discovered during the traffic stop that defendant's driver's license was suspended, defendant was arrested and a search incident to that arrest [*3]was conducted. In view of the foregoing, Supreme Court did not err in denying defendant's suppression motion (see People v Revander, 254 AD2d 625, 625-626 [1998], lv denied 92 NY2d 1053 [1999]; People v Hamilton, 252 AD2d 826, 828 [1998], lv denied 92 NY2d 982 [1998]; People v Shambo, 208 AD2d 1161, 1162-1163 [1994], lv denied 85 NY2d 914 [1995]).
Defendant further argues that Supreme Court erred by not granting his request for an agency charge. "The entitlement to an agency charge depends entirely on the relationship between the buyer and the defendant. Unless some reasonable view of the evidence supports the theory that defendant was acting only on behalf of the buyer, the jury need not be instructed on the agency defense" (People v Herring, 83 NY2d 780, 782 [1994] [citations omitted]). The evidence of defendant's behavior at the controlled buys, in addition to the fact that defendant engaged in a negotiation for the price of the heroin, does not support the inference that defendant acted as an agent of the CI. As such, when viewing the evidence in the light most favorable to defendant, he was not entitled to an agency charge (see People v Ortiz, 76 NY2d 446, 449-450 [1990]; People v Hunt, 50 AD3d 1246, 1248 [2008], lv denied 11 NY3d 789 [2008]; People v Abbott, 275 AD2d 481, 483 [2000], lv denied 96 NY2d 731 [2001]).
Defendant's contention that the People failed to comply with CPL 710.30 is without merit. Where, as here, the in-court identification testimony stemmed from witnesses' personal observations of, or participation in, the controlled buys, CPL 710.30 was not implicated (see People v Russell, 167 AD3d 1326, 1328 [2018], lv denied 33 NY3d 981 [2019]; see generally People v Wharton, 74 NY2d 921, 922-923 [1989]). Additionally, the People were not required to give notice under CPL 710.30 because there was no separate police-initiated identification procedure (see People v Johnson, 150 AD3d 1390, 1395 [2017], lv denied 29 NY3d 1128 [2017]; People v Butler, 16 AD3d 915, 916-917 [2005], lv denied 5 NY3d 786 [2005]).
Defendant's argument of prosecutorial misconduct based upon improper comments made during summation is unpreserved in the absence of an objection to the alleged improper comments (see People v Richardson, 162 AD3d 1328, 1331 [2018], lv denied 32 NY3d 1128 [2018]). Defendant's challenge to the verdict sheet is similarly unpreserved (see People v Dallas, 58 AD3d 1019, 1021 [2009], lv denied 12 NY3d 815 [2009]). Defendant's claim of selective prosecution and enforcement is also unpreserved because the record fails to disclose that defendant made a pretrial motion to dismiss on this ground (see People v Carter, 86 AD2d 451, 453 [1982]).[FN3] Defendant's assertion that the People failed to obtain an eavesdropping warrant, to the extent preserved, is without merit given that the CI consented to wearing a body wire (see People v Cleveland, 14 AD3d 798, 799 [2005], lv denied 4 NY3d 829 [2005]). Contrary to defendant's claim, the [*4]People did not commit a Rosario violation as the recordings at issue were subject to a protective order and were subsequently disclosed immediately prior to trial (see CPL former 240.45 [1] [a], repealed by L 2019, ch 59, part LLL, 
§ 1).
Supreme Court correctly denied defendant's CPL article 330 motion to set aside the verdict given that defendant's claim of juror misconduct was based upon an unsworn letter from a juror (see People v Bush, 184 AD3d 1003, 1009 [2020], lv denied 35 NY3d 1093 [2020]). Even if the juror's letter was in admissible form, the allegations therein did not demonstrate that a substantial right of defendant was affected so as to require a new trial (see People v Browne, 307 AD2d 645, 646 [2003], lv denied 1 NY3d 539 [2003]). Regarding defendant's CPL article 440 motion, County Court correctly denied it without a hearing on the basis that sufficient facts appeared in the record to permit review of the issues raised in the appeal from the judgment. Indeed, the record reflects that the issues asserted in the CPL article 440 motion mirror the issues raised on the appeal from the judgment of conviction (see People v Lamb, 162 AD3d 1395, 1397 [2018], lv denied 32 NY3d 1112 [2018]). Defendant's remaining assertions have been considered and are unavailing.
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: Because the People offered race-neutral reasons for challenging the jurors at issue and Supreme Court ruled on this point, to the extent that defendant makes an argument as to the sufficiency of his step-one showing, such argument is moot (see People v Smocum, 99 NY2d 418, 422-423 [2003]).

Footnote 2: Defendant raises other grounds as part of his legal sufficiency argument, but they are unpreserved as he did not assert them in his trial motion to dismiss (see People v Garrand, 189 AD3d 1763, 1763 [2020], lv denied 36 NY3d 1120 [2021]; People v Chambers, 185 AD3d 1141, 1143 [2020], lvs denied 36 NY3d 1055, 1056 [2021]).

Footnote 3: Were the issue properly before us, we would find it to be without merit (see People v Young, 190 AD3d 1087, 1094 [2021], lvs denied 36 NY3d 1100, 1102 [2021]; People v Jones, 213 AD2d 801, 802 [1995], lv denied 85 NY2d 975 [1995]).