People v Tarver (2022 NY Slip Op 01204)





People v Tarver


2022 NY Slip Op 01204


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

107408
[*1]The People of the State of New York, Respondent,
v
Keimar Tarver, Also Known as Kiermer Tarver and Kemar Tarver, Appellant.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

Metcalf & Metcalf, PC, New York City (Steven A. Metcalf II of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered November 21, 2014, upon a verdict convicting defendant of the crimes of rape in the second degree, criminal sexual act in the second degree and endangering the welfare of a child.
As a result of an incident with a 14-year-old female, defendant was charged by indictment with multiple crimes. Following County Court's denial of his motion to suppress his statements to the police, a jury convicted defendant of rape in the second degree, criminal sexual act in the second degree and endangering the welfare of a child. The court sentenced him, as a violent predicate felony offender, to consecutive prison terms of six years and seven years, followed by 15 years of postrelease supervision, for his convictions of rape in the second degree and criminal sexual act in the second degree, respectively, and to a lesser concurrent term of incarceration on the remaining conviction. Defendant appeals.
"[A] defendant is not entitled as a matter of law to pretrial notice of the People's intention to offer [Molineux] evidence . . . or to a pretrial hearing on the admissibility of such evidence" (People v Small, 12 NY3d 732, 733 [2009]; see People v Strauss, 155 AD3d 1317, 1321 [2017], lv denied 31 NY3d 1122 [2018]; People v Byrd, 152 AD3d 984, 989 [2017]). Although, to avoid unfairness, "a prosecutor seeking to introduce Molineux evidence should ask for a ruling out of the presence of the jury, and . . . any hearing with respect to the admissibility of such evidence should occur either before trial or, at the latest, just before the witness testifies[,] . . . there is no requirement that such inquiry or ruling occur before trial commences" (People v Small, 12 NY3d at 733 [internal quotation marks and citation omitted]). On the morning that jury selection began, the People provided defendant and County Court with their Molineux/Ventimiglia application. In addition to several of defendant's prior bad acts, the application mentioned a prior sexual assault on a child but expressly noted that the People were merely providing notice and were not seeking to introduce evidence of that incident unless defendant opened the door. In response to court questioning, the People stated that they would submit a subsequent application to introduce testimony on that topic if necessary. The People never made such a request and no evidence of the incident was admitted at trial. Under these circumstances, the court was not required to perform any balancing test or issue a ruling regarding that incident as the court had done for the other prior bad acts listed in the People's application (see People v McCloud, 121 AD3d 1286, 1291 [2014], lv denied 25 NY3d 1167 [2015]; compare People v Gaylord, 194 AD3d 1189, 1193 [2021], lv denied 37 NY3d 972 [2021]; People v Moore, 59 AD3d 809, 811 [2009]).
Defendant's claims of prosecutorial misconduct are unpreserved for our review, as he failed to make contemporaneous [*2]or specific objections at the time of the allegedly improper statements (see People v Morton, 198 AD3d 1176, 1180 [2021], lv denied ___ NY3d ___ [Jan. 31, 2022]; People v Terry, 196 AD3d 840, 847 [2021], lvs denied 37 NY3d 1027, 1030 [2021]; People v Rodriguez, 195 AD3d 1237, 1241 [2021], lv denied 37 NY3d 1061 [2021]). To the extent that defendant alleges that he was therefore deprived of meaningful representation, counsel is not ineffective for failing to make objections that likely would have been futile (see People v Underdue, 89 AD3d 1132, 1134 [2011], lv denied 19 NY3d 969 [2012]). Contrary to defendant's argument, we do not find that the prosecutor's summation misstated the evidence relative to the DNA expert's testimony.
Defendant further asserts that counsel was ineffective in multiple other ways. Assertions that counsel failed to investigate the case, consult a DNA expert, disclose a conflict of interest and properly advise defendant regarding his ability to testify at the suppression hearing are not properly before this Court, and would more properly be pursued through a CPL article 440 motion, as they are based on information outside the record (see People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]; People v Patterson, 177 AD3d 1027, 1028 [2019], lv denied 34 NY3d 1131 [2020]; People v White, 164 AD3d 959, 960 [2018]). Counsel's decision to not demand a ruling on the unaddressed portion of the Molineux proffer may have been strategic, either to await a formal application for use of that incident or to avoid an unfavorable decision. Although counsel opened the door to allowing brief mention of defendant's prior criminal history and incarceration, counsel's questions appear to be part of a strategy to attack the police investigation. Viewing the representation in its totality, counsel made pretrial motions, cross-examined the People's witnesses — including questioning the victim extensively about her criminal history and the incident in question — and obtained an acquittal on half the charges, including the two highest counts (see People v Smith, 193 AD3d 1260, 1268 [2021], lv denied 37 NY3d 968 [2021]; People v Dickinson, 182 AD3d 783, 789-790 [2020], lv denied 35 NY3d 1065 [2020]; People v Bowman, 139 AD3d 1251, 1253 [2016], lv denied 28 NY3d 927 [2016]). As defendant has not "demonstrate[d] the absence of strategic or other legitimate explanations" for counsel's alleged errors, defendant has not established that he was deprived of meaningful representation (People v Baker, 14 NY3d 266, 270-271 [2010] [internal quotation marks and citation omitted]).
Considering defendant's criminal history and the facts of the instant offenses, his lawful sentence was not harsh or excessive (see People v Welden, 140 AD3d 1406, 1406 [2016], lv denied 28 NY3d 938 [2016]; People v Lanfair, 18 AD3d 1032, 1034 [2005], lv denied 5 NY3d 790 [2005]).
Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is [*3]affirmed.