People v Paige (2022 NY Slip Op 07264)

People v Paige

2022 NY Slip Op 07264

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

111299
[*1]The People of the State of New York, Respondent,
v
Kevin Paige, Appellant.

Calendar Date:November 17, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered December 13, 2018 in Schenectady County, upon a verdict convicting defendant of the crimes of criminal sexual act in the second degree, sexual abuse in the second degree (two counts) and endangering the welfare of a child.
Defendant was charged by indictment with criminal sexual act in the second degree, two counts of sexual abuse in the second degree and endangering the welfare of a child, stemming from allegations that he had sexual contact with the 13-year-old victim during the summer of 2017. After trial, defendant was found guilty on all counts. He was sentenced to a prison term of six years for the criminal sexual act conviction, followed by 10 years of postrelease supervision, and to lesser concurrent terms on the remaining convictions. Defendant appeals.
Defendant contends that the jury verdict is against the weight of the evidence. "When conducting a weight of the evidence review, this Court must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and, if not, then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Machia, 206 AD3d 1272, 1273 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1151 [2022]; see People v Starnes, 206 AD3d 1133, 1135 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]). "In conducting this analysis, we view the evidence in a neutral light and defer to the jury's credibility assessments" (People v Cummings, 188 AD3d 1449, 1450 [3d Dept 2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 1096 [2021]; see People v Casalino, 204 AD3d 1078, 1079-1080 [3d Dept 2022], lv denied 38 NY3d 1070 [2022]).
As relevant here, "[a] person is guilty of criminal sexual act in the second degree when[,] . . . being [18] years old or more, he or she engages in oral sexual conduct . . . with another person less than [15] years old" (Penal Law § 130.45 [1]). "[T]o be found guilty of sexual abuse in the second degree, the People were required to prove that defendant subjected the victim to sexual contact when the victim was less than 14 years old" (People v Rose, 185 AD3d 1228, 1229 [3d Dept 2020], lv denied 35 NY3d 1115 [2020]; see Penal Law § 130.60 [2]). As to endangering the welfare of a child, "[a] person is guilty of [such crime] when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]).
At trial, the victim testified that she was 13 years old in the summer of 2017. She stated that defendant was her stepfather's best friend and that she and her siblings referred to him as "[U]ncle Kevin." The victim testified that while she and her siblings often spent time with defendant, including overnights at his house, toward [*2]the end of the summer she and defendant spent more time exclusively with each other and they became more like boyfriend and girlfriend — kissing and hugging. She testified that a couple of times she slept in defendant's bed and on one of those occasions, defendant got on top of her, lifted up her shirt and touched her breasts. The victim further gave detailed and unequivocal testimony that at one point, as they were watching a movie together in the basement of his house, defendant subjected her to oral sex.
Like the victim, the stepfather testified that defendant began spending more time with the victim during the summer of 2017. He stated that he confronted defendant about the nature of the relationship after he saw a Facebook messenger text that defendant sent to the victim that read "I love you." He confronted defendant a second time after the victim admitted that she and defendant were in a romantic relationship. The victim's sister testified that defendant was spending more time with the victim, that defendant treated the victim differently than her or her other siblings and that she saw defendant and the victim asleep on the couch in defendant's basement.
The victim's mother testified that during the summer of 2017 defendant began spending a lot more time with the children, especially the three older children, and this made her suspicious. Therefore, she began to monitor the victim's Facebook account and soon spotted Facebook messenger communications to the victim from defendant stating "I love you." The mother also testified that she engaged in a conversation with defendant via Instagram, during which she pretended to be the victim's cousin. Throughout this conversation, defendant repeatedly professed his love for the victim, stating "[s]he is the love of my life and will always be the love of my life [and] I'll wait forever," and "make sure she knows I love her with all my heart and she will always be my boo and on [her birthday in] 2022, I will be asking her to be mine forever and always."[FN1] Lastly, the mother testified to the toll that these incidents have taken on the victim's physical and mental health.
Defendant testified that he was 31 years old during the summer of 2017, he denied that any sexual incidents occurred between him and the victim and accused the victim of lying. However, defendant admitted that he loved the victim.
Although a different finding would not have been unreasonable had the jury believed defendant's testimony in which he denied any sexual conduct with the victim and alleged that she was lying, "the victim was extensively cross-examined regarding the incidents and her account was not contradicted by any compelling evidence and was not so unworthy of belief as to be incredible as a matter of law" (People v Machia, 206 AD3d at 1276 [internal quotation marks and citations omitted]; see People v Rose, 185 AD3d at 1230). Viewing the evidence in a neutral light and deferring to the jury's credibility determinations[*3], the verdict is not against the weight of the evidence (see People v Alger, 206 AD3d 1049, 1053 [3d Dept 2022], lv denied 38 NY3d 1148 [2022]; People v Maisonette, 192 AD3d 1325, 1327 [3d Dept 2021], lv denied 37 NY3d 966 [2021]; People v Cummings, 188 AD3d at 1453-1454).
Defendant next contends that the matter should be remitted to County Court for a new hearing because County Court improperly transferred the proceeding to Supreme Court after the Huntley hearing. We disagree. "Given that Supreme Court had the power to hear the case, the transfer error defendant alleges is the equivalent of an improper venue claim, which is not jurisdictional in nature and is waived if not timely raised" (People v Wilson, 14 NY3d 895, 897 [2010] [citation omitted]; see People v Rashid, 166 AD3d 1382, 1385 [3d Dept 2018], lv denied 32 NY3d 1208 [2019]). As defendant did not object to the transfer either prior to or during the trial, he waived this claim (see People v Roberts-Alexandrov, 102 AD3d 219, 222 [3d Dept 2012]; People v Woodrow, 91 AD3d 1188, 1189 [3d Dept 2012], lv denied 18 NY3d 999 [2012]). "We reject defendant's contention that the alleged transfer error constitutes a mode of proceedings error such that preservation is not required" (People v Perez, 89 AD3d 1393, 1395 [4th Dept 2011] [citations omitted], lv denied 18 NY3d 961 [2012]; see People v Morgan, 96 AD3d 1418, 1420 [4th Dept 2012], lv denied 20 NY3d 987 [2012]). Likewise, defendant's assertion that Supreme Court improperly relied on County Court's suppression decision is unpreserved. County Court had the power to hear and determine the suppression motion, and rendered its decision shortly after the suppression hearing but prior to the jury trial. Because defendant did not object to Supreme Court relying on County Court's order, this argument was waived (see People v Wilson, 14 NY3d at 897; People v Ott, 83 AD3d 1495, 1497 [4th Dept 2011], lv denied 17 NY3d 808 [2011]).
Defendant's assertion of prosecutorial misconduct based on improper comments made by the People during summation is unpreserved absent a timely objection thereto (see People v Morton, 198 AD3d 1176, 1180 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]; People v Bush, 184 AD3d 1003, 1008 [3d Dept 2020], lv denied 35 NY3d 1093 [2020]; People v Green, 141 AD3d 1036, 1042 [3d Dept 2016], lv denied 28 NY3d 1072 [2016]). Defendant also argues that his counsel's failure to raise these objections amounted to ineffective assistance of counsel. The record reveals that defense counsel made cogent opening and closing statements, offered proof in support of defendant's defense and vigorously cross-examined the People's witnesses. When considering counsel's overall representation, it cannot be said that defense counsel was ineffective for failing to object to the People's remarks on summation (see People v Sevilla-Rosales, 206 AD3d 1247, 1250 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]; People v Lombardo, 200 AD3d 1479, 1481 [3d Dept 2021[*4]], lv denied 38 NY3d 929 [2022]; People v Bush, 184 AD3d at 1009).
Finally, defendant contends that his sentence is harsh and excessive. We disagree. Although defendant lacked any prior criminal history, given the serious nature of the offense due to the vulnerability of this young victim, his lawful sentence is not harsh or excessive (see People v Rosa, 206 AD3d 1253, 1259 [3d Dept 2022], lv denied ___ NY3d ___ [Nov. 3, 2022]; People v Velett, 205 AD3d 1143, 1147 [3d Dept 2022]; People v Tarver, 202 AD3d 1368, 1370 [3d Dept 2022]).
Garry, P.J., Lynch, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The mother read the Instagram conversation into the record.