People v Hadlock (2023 NY Slip Op 03819)

People v Hadlock

2023 NY Slip Op 03819

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

111976
[*1]The People of the State of New York, Respondent,
v
Andrew C. Hadlock, Appellant.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

John A. Cirando, Syracuse, for appellant.
William G. Gabor, District Attorney, Wampsville (J. Scott Porter of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Madison County (Patrick J. O'Sullivan, J.), rendered February 7, 2019, upon a verdict convicting defendant of the crimes of menacing a police officer, resisting arrest, obstruction of governmental administration in the second degree and growing of the plant known as cannabis by unlicensed persons.
Following a standoff with law enforcement at his home, defendant was arrested and charged with criminal possession of a weapon in the second degree, menacing a police officer (two counts), resisting arrest, obstruction of governmental administration in the second degree and growing of the plant known as cannabis by unlicensed persons. County Court denied defendant's subsequent motion to suppress physical evidence seized from the residence. After commencement of a jury trial, County Court granted the People's motion to dismiss the charge of criminal possession of a weapon in the second degree. At the conclusion of the trial, defendant was acquitted of one of the two counts of menacing a police officer, and convicted of each of the remaining counts. Defendant was thereafter sentenced to four years in prison followed by 1½ years of postrelease supervision on the menacing charge, and lesser concurrent jail terms on the other charges. Defendant appeals.
Initially, defendant contends that the verdict is based upon legally insufficient evidence and is against the weight of the evidence. Defendant's legal sufficiency argument is unpreserved, as he made only a general motion to dismiss at the close of the People's proof (see People v Agan, 207 AD3d 861, 863 [3d Dept 2022], lvs denied 38 NY3d 1186 [2022], 39 NY3d 939 [2022]), with the exception of one specific argument pertaining to the charge upon which he was ultimately acquitted."Nevertheless, in the course of reviewing defendant's weight of the evidence challenge, this Court necessarily evaluates whether all elements of the charged crimes were proven beyond a reasonable doubt" (People v Ashe, 208 AD3d 1500, 1501 [3d Dept 2022] [citations omitted], lv denied 39 NY3d 961 [2022]). "When undertaking a weight of the evidence review, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and, if not, then weigh the relative probative force of conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Terry, 196 AD3d 840, 841 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1030 [2021]). "In conducting this analysis, we view the evidence in a neutral light and defer to the jury's credibility assessments" (People v Paige, 211 AD3d 1333, 1334 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1143 [2023]).
As is relevant here, "[a] person is guilty of menacing a police officer . . . when he or she intentionally [*2]places or attempts to place a police officer . . . in reasonable fear of physical injury, serious physical injury or death by displaying a . . . rifle . . . , whether operable or not, where such officer was in the course of performing his or her official duties and the defendant knew or reasonably should have known that such victim was a police officer" (Penal Law § 120.18). Additionally, "[a] person is guilty of obstructing governmental administration [in the second degree] when he [or she] intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law § 195.05). Further, "[a] person is guilty of resisting arrest when he [or she] intentionally prevents or attempts to prevent a police officer . . . from effecting an authorized arrest or himself [or herself]" (Penal Law § 205.30). Finally, a person commits the last charged crime when, "without being licensed so to do . . . , [he or she] grows the plant of the genus Cannabis or knowingly allows it to grow on his [or her] land without destroying the same" (Public Health Law former § 3382).
According to trial testimony introduced by the People, two sheriff's deputies traveled to defendant's home, a single-wide trailer located in the Town of Stockbridge, Madison County, to execute an arrest warrant issued by Oneida County Family Court, stemming from defendant's failure to pay child support. One of the deputies was familiar with defendant, having served him with papers before, and expected the arrest to be uneventful. However, when that deputy spoke to defendant at the door of his home, defendant stated that he was not going to jail and shut and locked the door in the deputy's face. The deputy, watching through a window as defendant walked back into his living room, continued speaking with him while calling for backup. Additional deputies arrived who could also see defendant through the window. Eventually, two deputies began kicking the door in, to which defendant could be heard responding, "you don't wanna [expletive] do that, you don't wanna come in." The door was successfully breached and the two deputies went inside, one after the other. The first deputy to enter encountered defendant pointing a rifle at him, and both deputies then quickly retreated and took cover. After a standoff lasting an hour and a half to two hours, defendant exited his home without the weapon and was arrested. At trial, the People also introduced into evidence a rifle, ammunition and marihuana that the police had seized from defendant's residence.[FN1] For his part, defendant testified that he stayed inside his trailer only because he was trying to think of ways to come up with the unpaid child support. Defendant admitted to grabbing the rifle but asserted that he felt suicidal at that moment [*3]and therefore pointed the rifle at himself, not at the deputies.
We cannot say that an acquittal would have been unreasonable, particularly had the jury accepted defendant's version of events or agreed with defense counsel that supposed inconsistencies among law enforcement witnesses rendered their testimony not credible. That said, deferring to the jury's credibility determinations, we find that the verdict is supported by the weight of the evidence (see People v Damon, 200 AD3d 1323, 1325 [3d Dept 2021]; People v Benjamin, 183 AD3d 1125, 1128 [3d Dept 2020]).
Next, defendant argues that the warrantless search of his home following his arrest was unlawful, the search warrant subsequently obtained was invalid and the physical evidence thereafter seized should have been suppressed. The evidence at the suppression hearing revealed that, after defendant was arrested outside of his home, members of the State Police entered the trailer and conducted a warrantless protective sweep, observing a rifle, ammunition and marihuana plants in plain view. An investigator then applied for a search warrant and, upon its issuance, the aforementioned items were seized. The People claimed, and County Court determined, that the police executed a lawful protective sweep of the premises following the standoff, and the evidence observed in plain view was properly incorporated into the search warrant application and seized.
Upon a lawful arrest, the police may conduct a limited protective sweep of the premises, but this "is justified only when the police have articulable facts upon which to believe that there is a person present who may pose a danger to those on the scene" (People v Sears, 165 AD3d 1482, 1485 [3d Dept 2018] [internal quotation marks and citations omitted], lv dismissed 32 NY3d 1129 [2018]; see Maryland v Buie, 494 US 325, 334 [1990]; People v Harris, 141 AD3d 1024, 1026 [3d Dept 2016]). The purported protective sweep conducted here was improper, as there were no articulable facts supporting a belief that any other person was present inside the trailer, let alone a person who could pose a threat to those on the scene (see People v Sears, 165 AD3d at 1485; People v Harris, 141 AD3d at 1026-1027; People v Bost, 264 AD2d 425, 426 [2d Dept 1999]; compare People v Bryant, 91 AD3d 558, 558 [1st Dept 2012], lv denied 20 NY3d 1009 [2013]; People v Lasso-Reina, 305 AD2d 121, 122 [1st Dept 2003], lv denied 100 NY2d 595 [2003]). Neither the search warrant nor the suppression hearing testimony reflected that anyone other than defendant was ever observed or believed to be inside the trailer, and there was nothing referenced that would serve to indicate that there was any lingering threat.
As a result, the ammunition and marihuana, which were only observed during the protective sweep, should have been suppressed (see People v Sears, 165 AD3d at 1485; People v Harris, 141 AD3d at 1027-1028). Accordingly, we must determine whether the admission of this evidence constituted [*4]harmless error, "which requires [consideration of] whether there was overwhelming proof of the defendant's guilt and whether there was any reasonable possibility that the People's error may have contributed to the defendant's conviction" (People v Serrano, 200 AD3d 1340, 1346 [3d Dept 2021], affd 38 NY3d 1180 [2022]; see People v Persen, 185 AD3d 1288, 1295 [3d Dept 2020], lv denied 36 NY3d 1099 [2021]; People v Burdine, 147 AD3d 1471, 1472 [4th Dept 2017], lv denied 29 NY3d 1076 [2017]). We find that the admission of the ammunition was harmless, inasmuch as the evidence of defendant's guilt was overwhelming and, in light of the fact that the ammunition was not directly relevant to any of the elements of the charged crimes, there is no reasonable possibility that its admission contributed to the verdict. We do not, however, reach the same conclusion with respect to the admission of the marihuana and its impact on the final charged count. Thus, recognizing that the subject statute, Public Health Law former § 3382, has since been repealed, we hereby dismiss that charge (see L 2021, ch 92, § 6-c, eff March 31, 2021; People v Caba, 73 Misc 3d 132[A], *1 [App Term, 1st Dept 2021]).
Turning to the rifle, suppression is not warranted. The police had an independent source for their awareness of the rifle, having seen it when defendant pointed it at them upon their initial entry into the trailer, before the protective sweep was conducted (see People v Elder, 173 AD3d 1344, 1345 [3d Dept 2019], lv denied 34 NY3d 930 [2019]). As such, the inclusion of the rifle in the search warrant application and the subsequent seizure of it were not improper.
Defendant's additional challenges to the search warrant — to the effect that it was overbroad and lacked sufficient particularity — were belatedly raised for the first time in a postverdict motion and are therefore unpreserved for our review (see People v Padro, 75 NY2d 820, 821 [1990]; People v Hughes, 114 AD3d 1021, 1024 [3d Dept 2014], lv denied 23 NY3d 1038 [2014]). In any event, we find them to be unavailing (see People v Williams, 140 AD3d 1526, 1527 [3d Dept 2016], lv denied 28 NY3d 1076 [2016]; People v Augustine, 235 AD2d 915, 919 [3d Dept 1997], appeal dismissed 89 NY2d 1072 [1997], lv denied 89 NY2d 1088 [1997]). To the extent that defendant contends that trial counsel was ineffective for failing to seek suppression on these grounds, we reject this contention, as counsel will not be faulted for failing to raise a meritless argument (see People v Waite, 145 AD3d 1098, 1103 n [3d Dept 2016], lv denied 29 NY3d 953 [2017]; People v Wimberly, 86 AD3d 806, 808 [3d Dept 2011], lv denied 18 NY3d 863 [2011]).
Defendant further contends that certain questions and comments by the prosecutor amounted to prosecutorial misconduct. First, on cross-examination, the prosecutor asked defendant why he did not call a witness to corroborate certain aspects of his testimony. However, County Court promptly sustained defense [*5]counsel's objection, directed the jury to disregard the question and issued a comprehensive curative instruction to the jury advising that defendant has no burden of proof, thereby ameliorating any prejudice to defendant (see People v Nadal, 131 AD3d 729, 731 [3d Dept 2015], lv denied 26 NY3d 1041 [2015]; People v Terry, 85 AD3d 1485, 1487 [3d Dept 2011], lv denied 17 NY3d 862 [2011]). Next, given that defense counsel had questioned the credibility of certain law enforcement witnesses both on cross-examination and during closing argument, it was not improper for the prosecutor to ask the jury during summation to consider whether these witnesses had a motive to lie (see People v Heiserman, 127 AD3d 1422, 1424 [3d Dept 2015]; People v Barber, 13 AD3d 898, 900 [3d Dept 2004], lv denied 4 NY3d 796 [2005]). Defendant failed to preserve his remaining claims of misconduct by way of timely objections (see People v Paige, 211 AD3d at 1337). In any event, "our review of the record as a whole fails to disclose that the prosecutor engaged in a flagrant and pervasive pattern of prosecutorial misconduct so as to deprive defendant of a fair trial" (People v Rivera, 206 AD3d 1356, 1360 [3d Dept 2022] [internal quotation marks and citations omitted], affd 39 NY3d 1062 [2023], cert denied ___ US ___ [June 26, 2023]; see People v Gertz, 204 AD3d 1166, 1171 [3d Dept 2022], lv denied 38 NY3d 1070 [2022]).
Finally, as defendant concedes in his reply brief, his argument that the sentence imposed was unduly harsh and excessive is moot, given that he completed his sentence during the pendency of this appeal (see People v Vivona, 199 AD3d 1165, 1166 [3d Dept 2021]).
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of growing of the plant known as cannabis by unlicensed persons under count 6 of the superior court information; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

Footnotes

Footnote 1: For reasons more fully explained below, we find that the ammunition and marihuana should have been suppressed. Nevertheless, we perform our weight of the evidence review based upon the evidence received at trial (see People v Persen, 185 AD3d 1288, 1291 n 1 [3d Dept 2020], lv denied 36 NY3d 1099 [2021]; People v Wright, 81 AD3d 1161, 1163 [3d Dept 2011], lv denied 17 NY3d 803 [2011]).